IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTTON, *et al.*, <br>            Plaintiff, <br><br> vs. <br><br> DANIEL LENTZ, *et al.* <br><br><br>            Defendants. | ) CASE NO. 1:23-cv-1878 <br> ) <br> ) <br> ) <br> ) <br> ) JUDGE DAVID A. RUIZ <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT CUYAHOGA COUNTY'S MOTION TO STAY PROCEEDINGS

Defendant Cuyahoga County moves this Court for an Order staying all proceedings in this matter pending resolution of the County's Motion to Dismiss (ECF No. 8). A memorandum in support of the County's motion to stay is attached hereto.

                                        Respectfully submitted,
                                        MICHAEL C. O'MALLEY, Prosecuting Attorney
                                        of Cuyahoga County, Ohio

                                        By: <u>/s/ *Brendan D. Healy*</u>
                                              Brendan D. Healy (0081225)
                                              Matthew T. Fitzsimmons IV (0093787)
                                              Assistant Prosecuting Attorneys
                                              Cuyahoga County Prosecutor's Office
                                              The Justice Center, Courts Tower
                                              1200 Ontario Street, 8th Floor
                                              Cleveland, OH  44113
                                              Phone: (216) 698-6447
                                              Fax: (216) 443-7602
                                              bhealy@prosecutor.cuyahogacounty.us
                                              mfitzsimmons@prosecutor.cuyahogacounty.us

                                        *Attorneys for Defendant Cuyahoga County*

**MEMORANDUM IN SUPPORT**

Defendant Cuyahoga County ("County") requests an Order from this Court staying discovery and all other proceedings in this case until there is a ruling on the County's Motion to Dismiss (ECF No. 8). The County's Motion to Dismiss has been pending for one year. During this time, the County's attorneys have had to participate in extensive discovery and incur litigation expenses. Requiring the County to continue to participate in this case while the Motion to Dismiss is pending is unduly burdensome.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07, 117 S.Ct. 1636 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes [on] its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). "There is no precise test in this Circuit for when a stay is appropriate." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, 2005 U.S. Dist. LEXIS 25358, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005).

Instead, the Court "must weigh competing interests and maintain an even balance." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Essentially, in granting a motion to stay, "[c]ourts may exercise this broad discretion so long as the moving party makes out a clear case of hardship or inequity in being required to go forward and the opposing party will not suffer substantial prejudice." *Nat'l Tr. Ins. Co. v. Heaven Hill Distilleries, Inc.*, Civil Action No. 3:14-

cv-00394-DJH, 2015 U.S. Dist. LEXIS 55107, at *4 (W.D. Ky. Apr. 27, 2015) (citing *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005), and *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

In the instant matter, because the Motion to Dismiss remains pending, the County has been forced to participate in extensive discovery and incur litigation expenses. The County produced former Assistant Prosecuting Attorney Brian Deckert for a deposition on January 13, 2025. The County produced former Assistant Prosecuting Attorney Judge Christopher Wagner for a deposition on January 20, 2025 (a national holiday). The latter took place in Cincinnati, Ohio, causing the County to incur additional expenses for travel and lodging. Furthermore, the County participated in depositions in this matter on December 17, 2024, December 20, 2024, January 13, January 14, January 15, and January 17, 2025.

The County anticipates the parties will conduct more than a dozen additional depositions in this matter, including at least three former Assistant Prosecuting Attorneys. *See, e.g.,* ECF No. 36, Motion for Extension, PageID #219 (identifying at least 13 witnesses that may be deposed). A stay would save the County from investing additional time and resources into coordinating these witnesses and attending depositions, which may be entirely unnecessary depending on the outcome of the County's dispositive motion.[1] Accordingly, a stay is in the public's interest because it could prevent the unnecessary expenditure of taxpayers' funds. Without the requested stay, the County and taxpayers will face a hardship in unnecessary spending towards additional discovery.

In addition, there are outstanding discovery disputes between the parties that may require the Court's assistance to resolve. *See, e.g.,* ECF No. 36, PageID # 217-219. Absent a stay, the

---

[1] *N.B.* The County represented to all parties in this case that it would work cooperatively with them in scheduling depositions of current or former employees of the Cuyahoga County Prosecutor's Office if it is dismissed from this case.

3

County will be further burdened and forced to invest additional resources to resolve these discovery disputes, which may not be necessary depending on the outcome of the County's Motion to Dismiss.

Furthermore, the Court's ruling on the County's Motion to Dismiss will determine the parties' legal strategies in this case. Plaintiffs assert two theories of the case in their Complaint. First, Plaintiffs allege that the city of Cleveland Defendants (Hartman, Lentz, and Keane) suppressed exculpatory and impeaching information. (ECF No. 1, ¶ 4-5, PageID # 2). Alternatively, Plaintiffs allege that the city of Cleveland Defendants provided the exculpatory and impeaching information to the criminal prosecutors, and the criminal prosecutors suppressed the evidence. (*Id*. at ¶ 6). It is in the best interest of the parties to resolve the County's Motion to Dismiss prior to conducting further proceedings because the Court's ruling will impact the parties' legal strategies and relationships to one another regarding Plaintiffs' claims in this case. In addition, resolution of the County's Motion to Dismiss will narrow the issues for additional discovery in this matter.

If the County's Motion to Dismiss is granted, the ruling could significantly alter the landscape of Plaintiffs' claims going forward. It will also eliminate Plaintiffs' need for *Monell* discovery from the County. Therefore, any discovery completed now may soon prove to be unnecessary. *See, e.g., N. Cent. Elec. Coop. Inc. v. Linde LLC*, N.D.Ohio No. 3:16-cv-1890, 2018 U.S. Dist. LEXIS 96029, at *8 (June 7, 2018).

For all of the foregoing reasons, the County respectfully requests that further proceedings in this case be stayed pending resolution of the County's Motion to Dismiss.

4

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By: /s/ *Brendan D. Healy*
    Brendan D. Healy (0081225)
    Matthew T. Fitzsimmons IV (0093787)
    Assistant Prosecuting Attorneys
    Cuyahoga County Prosecutor's Office
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor
    Cleveland, OH  44113
    Phone: (216) 698-6447
    Fax: (216) 443-7602
    bhealy@prosecutor.cuyahogacounty.us
    mfitzsimmons@prosecutor.cuyahogacounty.us

*Attorneys for Defendant Cuyahoga County*


## CERTIFICATE OF SERVICE

I certify that on February 18, 2025, a copy of the foregoing Motion to Stay was filed electronically with the Court.  Notice of this filing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.


By: /s/ *Brendan D. Healy*
    Brendan D. Healy (0081225)
    *Counsel for Defendant Cuyahoga County*