**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SUTTON, AND KENNY PHILLIPS,<br><br>Plaintiffs,<br><br>-vs-<br><br>DANIEL LENTZ, ET AL.,<br><br>Defendants. | Case No. 1:23-cv-01878<br><br>Judge Ruiz<br>Magistrate Judge Greenberg<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT CUYAHOGA COUNTY'S MOTION TO STAY AND MOTION FOR ADDITIONAL RELIF** |

Plaintiffs respectfully submit this response joining in part the County's Motion to Stay Proceedings (ECF No. 41) and seeking additional relief. The County has asked this Court to stay all proceedings pending a ruling on the County's Motion to Dismiss. However, after a meeting of the parties, Plaintiffs believe they may be able to reach a resolution voluntarily dismissing the County from this case. Therefore, for the reasons set forth below, Plaintiffs move that the Court defer ruling upon and HOLD IN ABEYANCE the County's Motion to Dismiss (ECF No. 8), GRANT IN PART the County's Motion to Stay (ECF No. 41), and ORDER the Plaintiffs and the County to file a joint status report if and when they are able to reach a resolution resulting in voluntarily dropping the County as a party to this case, at which time the stay would lift.

**I.     Relevant Background**

Plaintiffs Michael Sutton and Kenny Phillips filed this §1983 case on September 26, 2023 after a retrial jury acquitted them of crimes for which they were wrongfully convicted in 2007. Plaintiffs sued three Cleveland police officers and, in the alternative, Cuyahoga County for violating their constitutional rights at the original trial leading to their wrongful imprisonment. (Compl., ECF No. 1.) Defendant Cuyahoga County moved to dismiss Plaintiffs' claims against it

on December 8, 2023 (ECF No. 8) and also answered (ECF No. 9). The police officer Defendants answered without filing Rule 12 motions (ECF No. 7).

After the County's Motion was fully briefed, all parties—Plaintiffs, the County, and the police officer Defendants—conducted significant written discovery and third party discovery. Recently, the police officer Defendants escalated multiple discovery disputes with Plaintiffs and third parties which they prematurely began briefing before the Court (*see* ECF Nos. 36, 40, 42, and 44). The police officer Defendants also began to schedule frequent in-person depositions of minor third-party witnesses (*see, e.g.,* ECF Nos. 37, 38, 39). Plaintiffs have separately moved for a referral to the Magistrate Judge to help streamline the discovery process and resolve the parties' disputes. (ECF Nos. 40 and 44; *see also* ECF No. 41 at PAGEID#270-71)

In the meantime, counsel for the County continued to cooperate in discovery. However, in light of the recent discovery issues described above, on February 18, 2025 the County filed a Motion to Stay Proceedings (ECF No. 41). In that Motion, the County accurately represents that it is incurring discovery burdens which may be obviated if it becomes a third party to this case. The police officer Defendants opposed the County's Motion (ECF No. 43.)

Plaintiffs and the County have met and conferred and are working towards a resolution which may result in Plaintiffs' voluntary dismissal of their claims against the County. A successful resolution, if the parties can achieve it, would moot the County's Motion to Dismiss (ECF No. 8). Therefore, for the reasons more fully set forth below, Plaintiffs join in part the County's Motion to Stay (ECF No. 41). Plaintiffs additionally ask the Court to defer ruling on the Motion to Dismiss, giving the parties a chance to reach a resolution, and then lift the stay.[1]

---

[1] If the Plaintiffs and the County are ultimately unable to reach a resolution, Plaintiffs would propose to update the Court and lift the stay in that event also.

2

## II. Discussion and Relief Sought

District Courts have "broad discretion" to limit or temporarily stay discovery and to otherwise manage their dockets, balancing interests including economy and fairness to the parties. *See, e.g., Little v. Midland Credit Mgmt. Inc.,* No. 2:19-cv-5419, 2020 WL 4745191 at *2 (S.D. Ohio Aug. 17, 2020) (temporarily staying discovery).

Here, the County seeks a stay of discovery pending disposition of its Motion to Dismiss on the bases that (1) the parties' approach to discovery will be different if the County is no longer a party to the case, and (2) the County should not have to incur unnecessary discovery burdens if it is going to drop out of the case. (ECF No. 41, PAGEID#270-71.) The police officer Defendants oppose, contending that it "makes no sense" to delay discovery for the other parties just because of the position that the County is in (ECF No. 43, PAGEID#277). Plaintiffs submit to the Court that there is a third option that will allow the parties to work this issue out themselves, conserve party and judicial resources, and manage discovery in a fair and efficient manner.

Plaintiffs and the County have met and conferred and Plaintiffs believe that these parties are likely to reach a resolution resulting in an agreement to voluntarily dismiss the County from this case. Plaintiffs believe this can be accomplished within a matter of weeks rather than months. If these parties are successful, there will be no need for the Court to rule on the County's Motion to Dismiss (ECF No. 8) because Plaintiffs would drop the County from the case.

In the meantime, while Plaintiffs and the County work towards such a resolution, all parties would benefit from a temporary stay of discovery. If the parties are successful and the County does drop out of the lawsuit, then, as the County correctly says in its Motion (ECF No. 41), this will change the discovery landscape for all parties. Planning further depositions and paper discovery will be impacted by whether the County remains a party to this case. Further, should the Court

3

adopt Plaintiffs' proposal, the stay sought would be time limited. Plaintiffs propose that, as soon as they and the County are able to reach a resolution (or in the event they conclude they cannot), they file a status report with the Court. Plaintiffs ask that at that time, the stay be lifted. *See Little,* 2020 WL 4745191 at *2 (temporary stay rather than indefinite prohibition is favored). In these ways, balancing the burdens of discovery on the County against the temporary and tailored nature of the plan Plaintiffs propose warrants a temporary stay.

The police officer Defendants' opposition to a stay, in light of the above, would not promote fair or efficient case management here. While the police officer Defendants are correct that the County would still have to cooperate in some aspects of discovery even if it were a third party, the burdens it must incur would diminish. The County's lawyers would not, for example, have to sit through the witness depositions that the police officer Defendants are noticing. Plaintiffs are confident the County would work professionally to produce discovery as a third party, just at a lesser burden to its counsel. Additionally, the police officer Defendants' alternate proposal that the Court stay *Monell* discovery only would prejudice Plaintiffs and as a practical matter would not work. (ECF No. 43, PAGEID#278.) Plaintiffs and the County already have an informal agreement holding off some *Monell* discovery during the pendency of the County's dispositive motion. The Court simply ordering the same would not alleviate any burden to the County. On the other hand, such an order would prejudice all parties by causing confusion and duplication of work if the County's role were stopped and later restarted after the other parties proceeded without it.

The police officer Defendants' opposition to a temporary stay also does not make sense in light of all parties' present agreement that we need additional time in the case calendar to resolve ongoing discovery disputes and reformulate a discovery plan. (*See* ECF Nos. 36, 40, and 42.) Defendants have already sought an unspecified extension of the case calendar in separate pending

4

briefing before the Court. (*Id.*) In response to that briefing, Plaintiffs agreed in principle that more time is necessary for the parties to complete discovery and sought a referral to the Magistrate Judge for assistance resolving discovery disputes before a new case calendar is put in place. Plaintiffs submit that a temporary stay to allow for a resolution with the County, followed by a discovery conference with the Magistrate Judge as Plaintiffs urge (ECF Nos. 40 and 44), followed by reopening discovery using a jointly revised case calendar after the County's status is known and the parties' disputes are resolved, will provide the time and sequence of events necessary to appropriately tailor further discovery.

The Federal Rules and the law of this Court are designed to promote cooperative discovery and case management. *See* Fed. R. Civ. P. 26(f); 29; 37 and Committee Notes to the 2000 Amendment to Rule 26; *accord Am. Consol. Inds., Inc. v. Blasingim,* No. 1:19-cv-137, 2022 WL 17687491, at *39 (N.D. Ohio Dec. 15, 2022) ("the discovery rules require opposing parties and their counsel to cooperate in good faith and avoid [] gamesmanship….") Plaintiffs' proposal meets these goals. This Court should temporarily stay the proceedings to allow the Plaintiffs and the County to attempt to reach a compromise that may drop the County as a party to this case. Then, the Court should direct the parties to the Magistrate Judge to resolve their discovery disputes. After both these things occur, the parties will be better positioned to reformulate and pursue a discovery schedule that is tailored to the needs of the case as Rule 26 contemplates.

### III. Conclusion

For the reasons explained above, Plaintiffs move that the Court:

(a) HOLD IN ABEYANCE the County's Motion to Dismiss (ECF No. 8) because it may soon become moot;

(b) GRANT IN PART the County's Motion to Stay Proceedings (ECF No. 41) by temporarily staying all discovery; and

(c) ORDER the Plaintiffs to file a status report if and when they are able to reach a resolution resulting in voluntarily dropping the County as a party to this case (or, if they are unable to reach a resolution, so stating) NO LATER THAN 45 DAYS from disposition of the instant Motion, at which time the stay will lift.

Plaintiffs also request that the Court grant the relief sought in Plaintiffs' separately filed briefing at ECF No. 40 and 44.

>Respectfully submitted,
>
>*/s/ Elizabeth Bonham*
>FG+G
>Sarah Gelsomino (0084340)
>Elizabeth Bonham (0093733)
>50 Public Square, Suite 1900
>Cleveland, OH 44113-2205
>T: 216-241-1430
>F: 216-621-0427
>sarah@FGGfirm.com
>elizabeth@FGGfirm.com
>
>Jacqueline Greene (0092733)
>35 East 7th Street, Suite 201
>Cincinnati, OH  45202
>T: 513-572-4200
>F: 216-621-0427
>jacqueline@FGGfirm.com
>
>*Counsel for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2025, I filed a copy of the foregoing using the Court's CM/ECF system. All parties will receive notice and service through that system.

*/s/ Elizabeth Bonham*
*One of the Attorneys for Plaintiff*