# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTTON, AND KENNY PHILLIPS, | Case No. 1:23-cv-01878 |
| Plaintiffs, | Judge David Ruiz<br>Magistrate Judge Jonathan Greenberg |
| -vs- | |
| DANIEL LENTZ, ET AL., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF THE CITY OF CLEVELAND PURSUANT TO FED. R. CIV P. 30(b)(6)

TO:    The City of Cleveland
       Through Assistant City Attorney Dylan Ford

**PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30(b)(6), 30(b)(2), 34, and 45, the deposition of the City of Cleveland ("the City") will be taken before a court reporter, notary public, or some other officer authorized by law to administer oaths. The deposition will be recorded stenographically and by video. This oral examination may be used in evidence in the trial of the above-captioned case.

This deposition will take place at the City of Cleveland Law Department, 601 Lakeside Ave E # 106, Cleveland, OH 44114, or at another location agreed upon by counsel for the City and counsel for Plaintiffs, with Zoom videoconferencing available for joining remotely, on August 29, 2025 or another date agreed upon by counsel for the City and counsel for Plaintiffs, commencing at 9:30 A.M., and thereafter by adjournment until the same shall be completed.

Pursuant to Fed. R. Civ. P. 30(b)(6), the City of Cleveland is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on behalf of the City and whom the City will fully prepare to testify regarding the following designated matters and as to such information that is known or reasonably available to the City of Cleveland's organization:

**MATTERS OF EXAMINATION**

1. The Cleveland Division of Police's written and unwritten policies, procedures, practices, and customs in effect from January 1, 2006 through January 1, 2008, relating to investigation work by the following departments: Detective Bureau including detectives in the Third District, Felony Unit, Statement Unit, the Central Charging Unit, and patrol officers, relating to:

   a. documenting or memorializing the developments in an investigation (including documentation and preservation of information learned during an investigation, including maintaining notes, reports, drafts, interviews, witness statements and recordings and notes thereof in an official investigation file and/or any other file(s));

   b. disclosure of exculpatory evidence, including but not limited to impeachment material, to criminal defendants, defense attorneys, and/or city or county prosecutors;

   c. conducting, documenting, and disclosing interrogations or interviews of suspects and witnesses;

   d. documenting and disclosing alternate suspects or alternate theories of a crime even if later abandoned;

   e. writing, preserving and destroying police reports, investigator/detective/officer notes, memos, daily duty reports, statement recordings, and exculpatory evidence (including impeachment material) during the course of an investigation and prosecution (including the use, creation, contents of, storage, location, movement and preservation of investigative files kept by the Cleveland Police Department and Cleveland detectives and officers);

   f. offering or facilitating false testimony;

   g. expectations that patrol officers and detectives understand elements of crimes that may be charged and requirement to demonstrate probable cause for each such element;

   h. drive-by shootings;

   i. non-homicide shootings;

   j. officer-involved shootings;

   k. gunshot residue testing on individuals taken into custody;

   l. discipline, training and supervision of detectives, officers, and supervisors.

2. The Cleveland Division of Police's written and unwritten policies, procedures, practices, and customs in effect from January 1, 2006 through January 1, 2008 for detectives, relating to:

   a. a detective's assignment to a felony investigation;

b.  all requirements for a detective to conduct a felony investigation before presenting results to a prosecutor, including but not limited to:

    i.    reviewing patrol officer report(s) (original report(s));

    ii.    interviewing patrol officer(s);

    iii.    identifying witnesses;

    iv.    locating witnesses;

    v.    interviewing witnesses;

    vi.    investigating multiple or alternate suspects;

    vii.    documenting and disclosing alternate suspects or alternate theories of a crime even if later abandoned;

    viii.    searching crime scenes;

    ix.    searching vehicles;

    x.    locating physical evidence;

    xi.    requesting surveillance footage from private or public entities;

    xii.    requesting traffic camera footage or photographs;

    xiii.    taking photographs of crime scenes or evidence;

    xiv.    contacting, requesting assistance from, or otherwise coordinating with the Special Investigations Unit ("SIU");

    xv.    contacting, requesting assistance from, or otherwise coordinating with the Statement Unit;

    xvi.    completing investigatory report(s) (including "Form 10" report(s));

    xvii.    required contents of investigatory report(s) (including "Form 10" report(s));

    xviii.    seeking supervisory review of detective's report(s) (including "Form 10" report(s));

    xix.    expectations regarding timing of completing detective's investigatory report to present to prosecutor;

c.  a detective's presentment of the results of a felony investigation to a municipal prosecutor, including:

    i.    communications or meetings with the municipal prosecutor;

    ii.    documents or evidence provided to the municipal prosecutor (including in "grand jury packet");

  d.  a detective's presentment of the results of a felony investigation to a County prosecutor, including:

    i.    communications or meetings with the County prosecutor;

    ii.    documents or evidence provided to the County prosecutor (including in "grand jury packet" or "County Information Form");

  e.  further investigation by a detective after presentment to municipal and/or County prosecutor(s);

  f.  all requirements or expectations for a detective to provide newly learned information or newly discovered evidence to a prosecutor pretrial;

  g.  a detective's preparation for trial testimony.

3. The Cleveland Division of Police's training of its officers from the Detective Bureau, Felony Unit, Statement Unit, and patrol officers from January 1, 2006 through January 1, 2008 in relation to investigation work, relating to:

  a.  documenting or memorializing the developments in an investigation (including documentation and preservation of information learned during an investigation, including maintaining notes, reports, drafts, interviews, witness statements and recordings and notes thereof in an official investigation file and/or any other file(s));

  b.  disclosure of exculpatory evidence, including but not limited to impeachment material, to criminal defendants, defense attorneys, and/or city or prosecutors;

  c.  conducting, documenting, and disclosing interrogations or interviews of suspects and witnesses;

  d.  documenting and disclosing alternate suspects or alternate theories of a crime even if later abandoned;

  e.  writing, preserving and destroying police reports, investigator/detective/officer notes, memos, daily duty reports, statement recordings, and exculpatory evidence (including impeachment material) during the course of an investigation and prosecution (including the use, creation, contents of, storage, location, movement and preservation of felony investigative files kept by the Cleveland Police Department and Cleveland detectives and officers);

  f.  offering or facilitating false testimony;

  g.  discipline, training and supervision of detectives, officers, and supervisors.

4. The Cleveland Division of Police's training provided to detectives between January 1, 2006 through January 1, 2008, relating to:

a. a detective's assignment to a felony investigation;

b. all requirements for a detective to conduct a felony investigation before presenting results to a prosecutor, including but not limited to:

   i. reviewing patrol officer report(s) (original report(s));

   ii. interviewing patrol officer(s);

   iii. identifying witnesses;

   iv. locating witnesses;

   v. interviewing witnesses;

   vi. investigating multiple or alternate suspects;

   vii. documenting and disclosing alternate suspects or alternate theories of a crime even if later abandoned;

   viii. searching crime scenes;

   ix. searching vehicles;

   x. locating physical evidence;

   xi. requesting surveillance footage from private or public entities;

   xii. requesting traffic camera footage or photographs;

   xiii. taking photographs of crime scenes or evidence;

   xiv. contacting, requesting assistance from, or otherwise coordinating with the Special Investigations Unit ("SIU");

   xv. contacting, requesting assistance from, or otherwise coordinating with the Statement Unit;

   xvi. completing investigatory report(s) (including "Form 10" report(s));

   xvii. required contents of investigatory report(s) (including "Form 10" report(s));

   xviii. seeking supervisory review of detective's report(s) (including "Form 10" report(s));

   xix. expectations regarding timing of completing detective's investigatory report to present to prosecutor;

   c.  a detective's presentment of the results of a felony investigation to a municipal prosecutor, including:

      i.  communications or meetings with the municipal prosecutor;

      ii.  documents or evidence provided to the municipal prosecutor (including in "grand jury packet");

   d.  a detective's presentment of the results of a felony investigation to a County prosecutor, including:

      i.  communications or meetings with the County prosecutor;

      ii.  documents or evidence provided to the County prosecutor (including in "grand jury packet" or "County Information Form");

   e.  further investigation by a detective after presentment to municipal and/or County prosecutor(s);

   f.  all requirements or expectations for a detective to provide newly learned information or newly discovered evidence to a prosecutor pretrial;

   g.  a detective's preparation for trial testimony.

5.  Any and all training provided to Daniel Lentz, Michael Keane, and Carl Hartman.

6.  Any and all investigations and/or discipline of Daniel Lentz, Michael Keane, and Carl Hartman.

7.  From May 29, 2006 through the present day, the chain of custody and the maintenance of all physical items of evidence including forensics and test results collected and/or generated in the course of the investigation and/or prosecution of the shooting of Kenneth and Kevin Tolbert Leonard Brown and Christopher Lovelady.

8.  The Cleveland Police Department's policies, practices, and training of its officers regarding chain of custody and maintenance of all evidence collected and turned over to SIU for any purpose, and the subsequent handling, analysis, preservation, and/or holding of such evidence and test results, and the recording and/or transmission of information relating to the handling, analysis, preservation, and/or holding of such evidence and test results.

9.  The Cleveland Police Department and the City's record retention policies as related to felony investigations and prosecutions for alleged non-homicide felony crimes occurring in 2006.

10. With regard to the investigations and/or prosecutions of Plaintiffs Kenny Phillips and Michael Sutton for the crimes at issue in the above-captioned litigation, facts known to the City of Cleveland regarding the following:

a. documentation and/or memorialization of the developments in the investigation, including the creation and maintenance of the Cleveland Division of Police file(s); documentation and preservation of information; placement of notes, reports, drafts, interviews, witness statements and recordings and notes thereof in the Cleveland Division of Police file(s);

b. use of informants and/or witnesses, including documentation and disclosure of such informants/witnesses, and payments, gifts, promises or threats made to such witnesses;

c. disclosure of exculpatory evidence, including but not limited to impeachment material, to the defendant, defense attorneys or the prosecutor;

d. alternate suspects or alternate theories of the crime even if later abandoned and any investigation or documentation thereof;

e. conducting, documenting and disclosure of interrogations or interviews of suspects and witnesses;

f. writing, preservation and retention of police reports, investigator/detective/officer notes, memos, statement recordings, and exculpatory evidence (including impeachment material);

g. creation, use, storage, location(s), movement and preservation of the Cleveland Division of Police file(s);

h. storage, location, movement, preservation, and analysis of all evidence obtained;

i. performance and documentation of all photo arrays, show-ups, and lineups;

j. the existence, chain of custody, storage, and non-privileged transmission of information related to any evidence not yet disclosed; and

k. and the storage and/or transmission of the above items and information from May 29, 2006 to the present day.

**REQUESTED DOCUMENTS**:

If any of the following documents have not previously been produced by the City of Cleveland in response to the subpoena made on behalf of Plaintiffs Kenny Phillips and Michael Sutton in this litigation, the person(s) designated by the City of Cleveland to testify on the above-referenced topics should produce the following documents prior to or at the deposition:

1. Any and all documents related to the above-referenced topics, including but not limited to those documents which have been or will be relied upon by the person(s) so designated to prepare for or testify during this deposition.

Should the City of Cleveland wish to make any objections and/or claims of privilege or otherwise assert that the above-referenced documents or information are otherwise not discoverable, Plaintiff requests that any such objections or claims be asserted in writing no later

than 7 days prior to the scheduled deposition, and that a privilege log be produced, stating a description of the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that this Request is deemed continuing to and through trial of this case. Should you in the future discover any items relating to any of the above matters of this Request, you are required to notify Plaintiffs' counsel of said information by way of Supplemental Answers to this Request, or an objection will be made at trial for the use of information not revealed.

Respectfully submitted,

*/s/ Elizabeth Bonham*
FG+G
Sarah Gelsomino (0084340)
Elizabeth Bonham (0093733)
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com
elizabeth@FGGfirm.com

Jacqueline Greene (0092733)
35 East 7th Street, Suite 201
Cincinnati, OH 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 22, 2025, I served a copy of the foregoing along with a Rule 45 subpoena to appear upon defense counsel in the litigation as well as upon the deponent through counsel

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
*One of the Attorneys for Plaintiffs*
