Department of Law
Mark Griffin, Director
601 Lakeside Avenue, Rom 106
Cleveland, Ohio 44114-1077
216/664-2800 – Fax: 216/664-2663
www.cleveland.oh.gov

May 1, 2024

*VIA EMAIL*
Elizabeth Bonham, Esq.
Friedman Gilbert + Gerhardstein
50 Public Sq., St. 1900
Cleveland, OH 44113
Elizabeth@FGG.com

Re:    **Objections to Third-Party Subpoena**
          *Sutton*, *et al.*, *v. Lentz, et al.*, N.D. Ohio, Case No. 1:23-cv-01878

Dear Counsel:

Allow this to address your April 17, 2024 subpoena and rider (the "Subpoena") emailed to one of Cleveland's lawyers. The Subpoena relates to a case that alleges, among other things, that the Cuyahoga County Prosecutor's Office received and suppressed evidence in a criminal trial. (Compl., ¶ 6). In the alternative, the Complaint alleges that former detectives engaged in unconstitutional conduct.

There are several initial substantive problems with the Subpoena. First, much of the Subpoena seeks Cleveland's policies and procedures. But as you know, Cleveland is not a party, and there is no pending *Monell* claim against Cleveland. Thus, the Subpoena largely appears to be an improper attempt to put the "*Monell*-discovery cart before the individual subpoena horse." *See, e.g.*, *Corbera v. Taylor*, No. 2:21-CV-1998-WBS-KJN, 2022 WL 1693495, at *4 (E.D. Cal. May 26, 2022) (granting objection to improper *Monell* subpoena). Cleveland's policies and procedures are irrelevant to allegations in the Complaint. Second, Rule 45 requires a party serving a subpoena to take "reasonable steps to avoid imposing an undue burden," but that was not done here considering that there are 20 separate requests, each with subparts.

There are also some technical problems. Service was not perfected as required by Rule 45. And even if there was service, no notice before service was provided to all parties. *See* Fed. R. Civ. P. 45(a)(4). So Cleveland has no obligation to respond.

Still, though not required to do so, Cleveland now provides substantive responses to the Subpoena so that we may work together to promptly resolve outstanding issues, if any. The original request and Cleveland's objections follow. This includes documents Bates stamped CLE000001-CLE001306.

                              *        *        *

### REQUESTS FOR PRODUCTION AND INSPECTION

PLEASE PRODUCE THE FOLLOWING:

1. All documents, photographs, videos, recordings, or other evidence of any kind in your possession relating to the Events at Issue. The documents that you should produce responsive to this Request include but are not limited to:

    a. Any police files, including but not limited to investigation files, statement unit files, scientific investigation unit files, criminal histories, fingerprint or palm print information, mugshots or other images, and forensic evidence and corresponding testing and/or test result files, related to:

        i. the crimes investigated and/or charged in Cuyahoga County Case No. CR- 06-481840,

        ii. all of the defendants in that case, and

        iii. all any witnesses and/or alternate suspects in that case.

    b. All file(s) or other documents that any of the Cleveland Police officers who are Defendants in the above-captioned litigation or any other Cleveland Police officer presented/gave/showed/delivered/transmitted to Cuyahoga County or any of its prosecutors or other agents or employees during the investigation, arrest, charging, grand jury proceedings, trial, or retrial in Case No. CR-06-481840, in the same form and in the same order as they were originally presented/given/showed/delivered/transmitted. These include but are not limited to:

        i. Any documents presented for the purpose of seeking an arrest warrant for or charging with any crime either Michael Sutton and/or Kenny Phillips;

        ii. Any documents presented for the purpose of presenting a case against Michael Sutton and/or Kenny Phillips to a grand jury; and

        iii. Any documents presented during or at any time since the original criminal investigation of either Michael Sutton and/or Kenny Phillips.

    c. All physical, testimonial, and documentary evidence relating to the Events at Issue and all documents that constitute records, logs, or inventories of such evidence.

**Objection. You ask for records as they relate to a docket number, Case No. CR-06-481840. But Cleveland's files are stored according to number assigned by Cleveland's records management system ("RMS"). The RMS may also be searchable by name. But you failed to provide an exclusive list of names related to this request. Because you failed to provide a RMS number or other relevant details, this request is vague, ambiguous, and overly burdensome to complete as Cleveland creates thousands of new police reports each year. This request also asks for records as they were presented to the Cuyahoga County Prosecutor, part of Cuyahoga County. But Cuyahoga County is a party in the above-captioned matter. Therefore, the requests related to prosecutorial functions, such as records "delivered, transmitted, shown, given," etc., is unduly burdensome because a party**

2

must generally "first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party." *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013). The request must be first answered by the party, Cuyahoga County. Additionally, the Subpoena seeks "all evidence" and "all files." But not all evidence or files are relevant to the allegations in the Complaint, so this request is unduly burdensome. Finally, the request seems to ask for copies of records but then also insists on production of records only in their native format, some of which are in paper or other form. This request is vague, ambiguous and unduly burdensome. Notwithstanding these objections, the following documents are being produced: CLE000002 – CLE0000076; CLE000237 – CLE000260; CLE000261 – CLE000284.

2.      All documents contained in any file of the Office of Professional Standards, any civilian oversight body, any Investigation or Inspection Unit, Complaint Unit, Internal Affairs, and/or any similar investigative body, unit, division, office, or department of the City of Cleveland and/or Cleveland Police Department, relating to the Events at Issue. This Request includes the entire file(s) created or maintained by any such bodies and includes but is not limited to all attachments, forms, interview notes, statements, reports of interviews, memos, to-from reports, documents memorializing any interviews with witnesses, reports, supplementary reports, lists of witnesses, lists of persons interviewed/contacted, photographs, mug shots, Polaroids, recordings, and documentation, including anything generated by any law enforcement or dispatch or emergency services agency, all digital and non-digital audio and video recordings, recommendations, findings, determinations, tapes, video, medical records, any physical evidence, and/or related documents of any kind.

Objection. You ask for records as they relate to a docket number, Case No. CR-06-481840. But Cleveland's files are stored according to number assigned by a records management system ("RMS"). The RMS may also be searchable by name. But you failed to provide an exclusive list of names related to this request. Because you failed to provide a RMS number or other relevant details, this request is vague, ambiguous, and overly burdensome to complete as Cleveland creates thousands and thousands of reports each year. The Event at Issue is a criminal trial. The Units you describe, if they exist within the Division of Police, generally are not involved in investigating civilian criminal conduct. The Internal Affairs Unit, for example, investigates alleged misconduct by officers/employees, not alleged criminal action by civilians. So this request is vague, ambiguous, overly broad, and unduly burdensome. Notwithstanding these objections, the following documents are being produced: CLE000001; CLE0000077 – CLE000147; CLE000148 – CLE000233; CLE000234; CLE000235; CLE000236.

3

3.  To the extent not captured by Request No. 2, all documents and communications relating to any review or investigation conducted by the City, Cuyahoga County, any of its divisions or departments, or any other agency whether inside or outside the City, concerning the Events at Issue, at any time.

**Objection. Cleveland does not have records maintained by Cuyahoga County. So this request is vague, ambiguous, unduly burdensome and overly broad. Second, a request for "all documents and communications"—without a timeline, identifying specific people, format, unit or division of the city, or any other limitation, is not reasonably calculated to produce relevant information, and is vague, ambiguous, unduly burdensome, and overly broad. Because a civil action has been filed related to the "Events at Issue," Cleveland also asserts the attorney-client privilege and attorney work product doctrine in anticipation that the request, as stated, would likely encompass some records not subject to disclosure.**

4.  All communications including any statement, note, or report of any person who has any knowledge relating to the Events at Issue, including but not limited to any police reports, supplemental reports, memoranda, note(s) including handwritten notes, incident logs, photographs, recordings, video, supervisory logs, disciplinary and/or separation documents, hearing or trial transcripts, testimony, emails, text messages, notebooks, different versions of files, and any other records or documents. This Request specifically includes all responsive files and documents created by, created in part by, or maintained by:

    a.    Daniel Lentz,
    b.    Michael Keane,
    c.    Carl Hartman,
    d.    Greg Jones,
    e.    John Lundy, and/or
    f.    Any person working for or with one or more of these people having to do with the Events at Issue, for example, supervisors, other officers, or support staff.

**Objection. This request seeks all documents from all employees who may have been involved in a criminal investigation. Because this request includes, for example, "any statement" or "log" made at any time by "any person" who "work[ed] for or with," including superiors and inferiors, it essentially asks for all records maintained by Division of Police. The Division of Police currently has around  1,300 sworn officers, who each daily write reports, send emails, request vacation leave, etc., etc. Responsive documents, as this request is written, could arguably be every document maintained by the Division of Police. Therefore, this request is not reasonably calculated to produce relevant information, and is vague, ambiguous, unduly burdensome, and overly broad.**

5.  All communications including any statement, note, or other information from or about any person who has any knowledge relating to damages or injuries sustained as a result of the Events at Issue.

**Objection. This request, by seeking communications related to Events at Issue (and thus this litigation too) seeks records protected by the attorney-client privilege and the attorney work product doctrine. The request has no time period, no identified people, and no specific topic, so it is vague, ambiguous, overly broad, and unduly burdensome to provide a response. Finally, Cleveland is a non-party in this action. Discovery as to damages should be first served on Plaintiff.**

6. The complete personnel, disciplinary, and complaint files and any other related documents, including but not limited to records reflecting participation in or referral to any Early Warning programs, Behavioral Alert, Behavioral Intervention, or Personnel Concerns programs, physical, psychological or evaluative tests for fitness for duty, performance evaluations and ratings, awards or commendations, complaint and disciplinary records and actions, confidential audits, reviews, administrative investigations, job assignments and details, trainings, or employment applications, for the following people:
   a. Daniel Lentz,
   b. Michael Keane,
   c. Carl Hartman,
   d. Greg Jones,
   e. John Lundy, and
   f. Any other City employee working for or with one or more of these people having to do with the Events at Issue, for example, supervisors, other officers, or support staff.

**Objection. This request seeks all documents from all employees who may have been involved in a criminal investigation. Because this request includes, for example, "any statement" or "log" made at any time by "any person" who "work[ed] for or with," including superiors and inferiors, it essentially asks for all records maintained by Division of Police. The Division of Police currently has around 1,300 sworn officers, who each daily write reports, send emails, request vacation leave, etc., etc. Responsive documents, as this request is written, could arguably be every document maintained by the Division of Police. Therefore, this request is not reasonably calculated to produce relevant information, and is vague, ambiguous, unduly burdensome, and overly broad. Still, notwithstanding these objections, please find the following documents included. CLE000285 – CLE000519; CLE000520 – CLE000727; CLE000728 – CLE000902.**

7. All communications and any related documents referring or relating to the Events at Issue, including but not limited to:

   a. all communications from to or between any Cuyahoga County prosecutor and/or any other agent or employee and any officer, agent, or employee of the Cleveland



City of Cleveland
Justin M. Bibb, Mayor

Division of Police

    i.    this specifically includes communications from to or between William Mason, Christopher Wagner, Brian Deckert and/or any person working for or with one or more of these people having to with the Events at Issue, and Daniel Lentz, Michael Keane, Carl Hartman, Gregory Jones, and/or John Lundy-Williams and any other police officer, including correspondence on which any of these people is copied and including handwritten notes;

    b.    all communications from to or between any Cleveland Police officer and/or any other City agent or employee and any third-party including other law enforcement agencies or personnel;

    c.    all communications between City of Cleveland employees including but not limited to Police officers; and

    d.    all communications from to or between any Cleveland Police officer and/or any other agent or employee and any civilian, including but not limited to potential witnesses, alibi witnesses, and informants.

**Objection. The request for all communications and related documents over 15 years is vague, ambiguous, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially the failure to identify specific people or units. This is particularly true because Cleveland does not organize its file by case number, as requested. The request seeks communications with Party Cuyahoga County Prosecutor. The request should be directed to (and answered by) Cuyahoga County, not Non-Party Cleveland. The request seeking communications or documents involving any employee seeks communications protected by the attorney-client privilege and work product doctrine. The request for all communications sent should all be first directed to the Defendant Officers rather than Cleveland. Still, notwithstanding these objections, Cleveland produces CLE000002 – CLE000076.**

8.    All communications and any related documents, to the extent not privileged, referring or relating to the above-captioned litigation, including but not limited to:

    a.    all communications from to or between any Cuyahoga County prosecutor and/or any other agent or employee and any officer, agent, or employee of the Cleveland Division of Police

    i.    this specifically includes communications from to or between William

6



**City of Cleveland**
Justin M. Bibb, Mayor

Mason, Christopher Wagner, Brian Deckert and/or any person working for or with one or more of these people having to with the Events at Issue, and Daniel Lentz, Michael Keane, Carl Hartman, Gregory Jones, and/or John Lundy-Williams and any other police officer, including correspondence on which any of these people is copied and including handwritten notes;

b.      all communications from to or between any Cleveland Police officer and/or any other agent or employee and any third-party, including other law enforcement agencies or personnel;

c.      all communications between City of Cleveland employees including but not limited to Police officers; and

d.      all communications from to or between any Cleveland Police officer and/or any other agent or employee and any civilian, including but not limited to potential witnesses, alibi witnesses, and informants.

**Objection. The request seeks records related to this litigation, including communications by Cleveland, its lawyers/employees, and others, so it facially requests records protected by the attorney-client privilege and work product doctrine. Moreover, by failing to specify specific people over a specific time period, limited by a specific topic, this request is vague, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible information. Moreover, the request seeks records maintained, if at all, by Party Cuyahoga County. So the request should be directed to Cuyahoga County.**

9.      All communications and any related documents referring or relating to any Brady List, Giglio List, Liars List, or any comparable record, which the County maintains or has maintained, related to any Cleveland Police Officer between 1973 and 2016, including but not limited to:

a.      all communications from to or between any Cuyahoga County prosecutor and/or any other agent or employee and any officer, agent, or employee of the Cleveland Division of Police;

b.      all communications from to or between any Cleveland Police officer and/or any other agent or employee and any third-party, including other law enforcement agencies;

c.      all communications between City of Cleveland employees including but not limited to Police officers; and



**City of Cleveland**
Justin M. Bibb, Mayor

---

     d.     all communications from to or between any Cleveland Police officer and/or any other agent or employee and any civilian, including but not limited to potential witnesses, alibi witnesses, and informants.

**Objection. This request seeks records maintained by Party Cuyahoga County, a different political subdivision, over more than 40 years, so this request is ambiguous, vague, unduly burdensome and overly broad, and not reasonably calculated to lead to the discovery of admissible information. The request should be sent to Party Cuyahoga County.**

10.    Any and all documents referring or relating to any lawsuit or complaint against any of the individual Police officers who are Defendants in the above-captioned litigation alleging Brady or Giglio violations, fabrication of evidence, offering false testimony, and/or malicious prosecution, from any period of time.

**Objection. Seeking all documents maintained by Cleveland, including its law department, relating to litigation facially asks for documents protected from release from the attorney-client privilege and attorney work product doctrine. Moreover, any records compiled or would otherwise relate that litigation are protected by the attorney-client privilege and attorney work product doctrine. Additionally, the request is vague, ambiguous, overly broad, and unduly burdensome because, among other reasons, there is no definition of "complaint" (e.g., could mean something other than a pleading), no specified time period, and the categories of responsive documents (e.g., "Giglio"), is not how Cleveland maintains its records. Finally, any relevant legal filing would be available on a public docket, and therefore overly broad and unduly burdensome for Cleveland seek and retrieve, especially considering that Plaintiff has equal access to these same documents. Finally, pleadings and motions, as well as any non-legal "complaints," that may or may not exist are irrelevant to allegations in the Complaint.**

11.    All documents referring or relating to any training and/or discipline that you ever provided to any of the individual Police officers who are Defendants in the above-captioned litigation having to do with any of the following subject matters:

     a.     criminal investigations, including working with County prosecutors during criminal investigations, giving or collecting witness statements or reports during investigations, and communicating with fellow police officers and/or forensics or scientific investigation or crime lab staff;

     b.     Brady or Giglio obligations, including production of exculpatory or impeachment evidence to the prosecutor before, during, or after trial;



**City of Cleveland**
Justin M. Bibb, Mayor

___

    c.      offering false or fabricated testimony;

    d.      fabrication of evidence;

    e.      any duty to intervene and/or reporting requirement for officers who observe or believe that another police officer has violated a rule, regulation, ethical rule, or law in the performance of their duties; or

    f.      discipline related to any of the above conduct.

**Objection. This request is ambiguous, vague, unduly burdensome and unlikely to lead to the discovery of admissible information. Plaintiff brings a constitutional claim against the Defendant Officers. Cleveland's policies, procedures, and training have no bearing on whether a particular officer acted contrary to the U.S. Constitution. *See, e.g.*, *Corbera v. Taylor*, No. 2:21-CV-1998-WBS-KJN, 2022 WL 1693495, at \*4 (E.D. Cal. May 26, 2022) ("plaintiff is to a certain degree trying to put the *Monell*-discovery cart before the individual-discovery horse with this subpoena."). Moreover, these records are maintained across multiple units, and are not necessarily organized by individual. For example, officers receive training in the Cleveland Police Academy. But those records are generally organized by the Academy Class, not the person. Officers, who are named here, may also track their own training. Still, Cleveland will provide Defendant's HR File and Training Summary file. CLE000903 – CLE000987; CLE000988 – CLE001072; CLE001073 – CLE001135.**

    12.    Any and all documents relating to any review or investigation conducted by the City of Cleveland or any of its divisions, oversight bodies, units, or personnel and/or any outside entity concerning any of the following subject matters: wrongful conviction, Brady or Giglio violations, fabrication of evidence, offering false testimony, and/or malicious prosecution, by any member of the Cleveland Police Department or the Department as a whole, between 1973 and 2016.

**Objection. This request is vague, ambiguous, unduly burdensome, and not likely to lead to the discovery of admissible information. First, the request seeks more than 40 years of records. Second, it requests records related to several topics, including disciplinary records. For context, nearly every Friday the Division of Police holds disciplinary hearings. Each hearing generally contains an IA investigation, charge letter, evidentiary hearing, including body cams, transcripts, etc. One investigation may contain hundreds of pages documents, hours of bodycam videos, and many more records. As a request, a request for such broadly worded topics over 40 years, would be impossible (or nearly impossible) to complete. Moreover, these records are unduly burdensome given that**



City of Cleveland
Justin M. Bibb, Mayor

Cleveland is non-party, and Cleveland's practices and procedures have no bearing on the underlying complaint. *See, e.g.*, *Corbera v. Taylor*, No. 2:21-CV-1998-WBS-KJN, 2022 WL 1693495, at *4 (E.D. Cal. May 26, 2022) (granting objection to subpoena) ("plaintiff is to a certain degree trying to put the *Monell*-discovery cart before the individual-discovery horse with this subpoena.").

13.   All Documents constituting a Brady List, Giglio List, Liars List, or any comparable record, including any related communications, which the County maintains or has maintained, related to any Cuyahoga County Prosecutor or any police department working with the Cuyahoga County Prosecutor or County criminal prosecution between 1973 and 2016.

**Objection. This request is vague, overly broad, and unduly burdensome because it seeks records that a separate political subdivision, the "County," maintains. Moreover, it seeks documents over 40 years that have no bearing on the outcome of the litigation.**

14.   All documents, including but not limited to criminal history files, litigation files, forensics or fingerprint/handprint files, or videos, photographs, or other reproductions of the visual image of Michael Sutton or Kenny Phillips or both of them in the City's possession, to the extent not produced in response to any other Request.

**Objection. By seeking "litigation files" related to plaintiffs bringing claims against current/former Cleveland employees, this request facially seeks information and communications protected by the attorney-client privilege and attorney work product doctrine. Moreover, records outside the "Events at Issue" are not relevant and would be unduly burdensome to produce. Plaintiff, as party to this litigation, has a first responsibility to check his own files (and his counsel's files) for records that may be responsive to this request, and only then may turn to Non-Party City of Cleveland.**

15.   All documents and communications establishing when any Cleveland Police officer or other agent or employee of the City learned about exculpatory or impeachment evidence related to the Events at Issue, including when they disclosed such exculpatory or impeachment evidence to the prosecutor, to Michael Sutton or Kenny Phillips, to their legal representative, and/or to any presiding judge.

**Objection. The request is unduly burdensome and overly broad as it seeks information first discoverable from a party, Cuyahoga County, namely the receipt of files and materials by the Cuyahoga County Prosecutor's Office. This request is also vague, ambiguous, and unduly burdensome because seeks records that "establish" certain allegations, and further categorizes records as "exculpatory" or "impeachment," without specifying what records are actually being sought. The request also assumes that Cleveland or its employees sent materials directly to defense counsel or judges, a task**

10



**City of Cleveland**
Justin M. Bibb, Mayor

performed by the Cuyahoga County Prosecutor's Office, a party to this case and therefore where this request should be first directed. The terms "all documents and communications" are also vague.

16. All documents and communications referring or relating to any Cleveland Police officer's communication with, interrogation of, or preparation of any witness or alternate suspect involved in the Events at Issue, including other officers, to the extent not produced in response to any other Request.

**Objection. The phrase "all documents and communications," compounded without naming specific people or identifying a time period, and without identifying a specific matter as maintained by Cleveland, is vague, ambiguous, overly broad, and not likely to lead to the discovery of admissible information. Moreover, as the events at issue relate to criminal trials, and Party Cuyahoga County would have prepared any witnesses for trial, the request should first go to Party Cuyahoga County. This response assumes that the request seeks documents created contemporaneously with the events at issue and not any material protected by the attorney-client privilege or attorney work product doctrine.**

17. All documents and communications concerning the retrial of Kenny Phillips and/or Michael Sutton related to the Events at Issue, to the extent not produced in response to any other Request.

**Objection. The phrase "all documents communications," compounded without naming specific people or identifying a time period, and without identifying a specific mater as maintained by Cleveland, is vague, ambiguous, overly broad, and not likely to lead to the discovery of admissible information. Moreover, as the events at issue relate to criminal trials, and Party Cuyahoga County would have prepared any witnesses for trial, the request should first go to Party Cuyahoga County. This response assumes that the request seeks documents created contemporaneously with the events at issue. Cleveland also objects because "communications concerning the retrial," could also documents created by counsel relating to or anticipating this litigation, which be unlikely to lead to the discovery of admissible evidence and would otherwise be protected by the attorney-client privilege and attorney work product doctrine.**

18. All documents or evidence favorable to Kenny Phillips and/or Michael Sutton that would tend to show they were not guilty of the crimes associated with the Events at Issue, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during the underlying criminal proceedings.

**Objection. The phrase "all documents or evidence," combined with "favorable," makes this request vague, ambiguous, overly broad, and unduly burdensome. This is especially true**



City of Cleveland
Justin M. Bibb, Mayor

given the lack of a specific time period or identify of specific evidence, and that Party Cuyahoga County has access to this information, and discovery must first go through Party Cuyahoga County.

19. All communications between you and/or any of the Police officers who are Defendants in the above-captioned litigation with news media referring or relating to Michael Sutton, Kenny Phillips, and/or the Events at Issue, including posts on the City's or any of the officers' own social media.

**Objection. This request seeks communications with defendants and "news media," and Cleveland's and the officer's social media accounts. First, because both parts of this request involve Defendant officers, Rule 45 requires the request to be sent to the Defendants officers rather than to non-party Cleveland. Second, media or other statements about the "Events of Issue," which concerns more than 15 years, are irrelevant to the underlying dispute, and is vague, ambiguous, overly broad and unduly burdensome.**

20. Any insurance policies, contracts including collective bargaining agreements, or indemnification agreements that could or might provide coverage for any of the individual Cleveland Police officer Defendants in this lawsuit, including any nonprivileged documents or correspondence referring or relating to the same.

**Objection. Cleveland is a non-party to this case, and any policy or labor contract that applies should be first sought from the Defendant Officers and/or their union and/or the State Employment Relations Board. Additionally, any union contract, correspondence, or coverage issues are not relevant to underlying dispute. _See, e.g._, _Miller Marital Deduction Tr. by & through Miller v. Est. of DuBois_, No. 2:16-CV-01883-SB, 2018 WL 1023200, at \*3 (E.D. Cal. Feb. 21, 2018) ("The Court has trouble finding a nonparty insurance company has information relevant to claims and defenses between existing parties in this case."). Additionally, Cleveland asserts the attorney-client privilege and attorney work product doctrine. Still, Cleveland is producing copies of labor agreements: CLE001136 – CLE001235; CLE001236 – CLE001306.**

21. All nonprivileged documents and communications concerning whether and the circumstances under which the City of Cleveland is providing a defense for any of the Cleveland Police officer Defendants in the above-captioned litigation.

**Objection. Cleveland is a non-party to this case, and any policy or labor contract that applies should be first sought from the Defendant Officers and/or their union and/or the State Employment Relations Board. Additionally, any union contract, correspondence, or coverage issues are not relevant to underlying dispute. _See, e.g._, _Miller Marital_**



**City of Cleveland**
Justin M. Bibb, Mayor

---

*Deduction Tr. by & through Miller v. Est. of DuBois*, No. 2:16-CV-01883-SB, 2018 WL
1023200, at *3 (E.D. Cal. Feb. 21, 2018) ("The Court has trouble finding a nonparty
insurance company has information relevant to claims and defenses between existing
parties in this case."). Additionally, Cleveland asserts the attorney-client privilege and
attorney work product doctrine. Still, Cleveland is producing copies of labor agreements:
CLE001136 – CLE001235; CLE001236 – CLE001306.

22. All documents and communications referring or relating to how much money the City
of Cleveland has paid to outside counsel, and to whom it was paid, in connection with
the above-captioned litigation to date. This Request includes the production of any fee
agreement or other contract the City has with retained counsel and all related
correspondence.

**Objection. By seeking billing narratives, the request facially seeks communications
protected by the attorney-client privilege and attorney work product doctrine. Cleveland's
engagement with outside counsel, for this or any matter, is not relevant to underlying
dispute and vague, ambiguous, and unduly burdensome. Moreover, the request is so
divorced from the Complaint that it must be made solely the purposes of harassment and
in bad faith.**

23. All documents and communications referring or relating to all fees and expenses the
City of Cleveland has paid to outside counsel, and to whom it was paid, and in which
case(s) it was paid, in connection with the defense of either the City itself or one or more
of its Police officers or former Police officers, in every civil lawsuit arising out of a
wrongful conviction between 1973 and the present date. This Request includes the
production of any fee agreement or other contract the City has or had with retained
counsel and all related correspondence. This Request includes but is not limited to the
City's agreements with the law firm Hannah, Campbell & Powell.

**Objection. By seeking billing narratives, the request facially seeks communications
protected by the attorney-client privilege and attorney work product doctrine. Cleveland's
engagement with outside counsel, for this or any matter, is not relevant to the underlying
dispute and is vague, ambiguous, and unduly burdensome. This is compounded by the
request's timeline—documents over more than 50 years. The request so divorced from the
Complaint that it must be made solely the purposes of harassment and in bad faith.**

PLEASE MAKE THE FOLLOWING AVAILABLE FOR INSPECTION AT A DATE TO BE AGREED:

1. Inspection of all tangible evidence in the City's possession or control related to the Events
at Issue. Such inspection must reflect how such evidence is, and since you obtained it has

13



City of Cleveland
Justin M. Bibb, Mayor

been, maintained in the regular course of business, and its chain of custody.

**Objection. The request fails to identify or define "tangible evidence" so the request is vague, ambiguous, overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Moreover, the "Events at Issue" concern a trial, which means the Party Cuyahoga County—which employs the prosecutors—most recently had most if not all of the so-called "tangible evidence," and Plaintiff must first seek discovery from Party Cuyahoga County before turning to Cleveland. Moreover, the request impermissibly blends an inspection and copying of documents and inspection of premises. As courts have explained, "Nothing in Rule 45 authorizes an on-site inspection of documents . . . ." *Doe v. Trinity Logistics, Inc.*, No. 17-CV-053-RGA, 2019 WL 5696067, at \*2 (D. Del. Nov. 4, 2019). Moreover, the actual premises at issue is irrelevant to this dispute; and providing access to Plaintiffs and their counsel to a secure facility with guns, seized contraband, physical evidence in pending criminal cases, and other sensitive information, is unduly burdensome and not likely to lead to the discovery of admissible information.**

    **2.** Inspection of all locations where the City has stored or continues to store evidence that was used in the trial of or in any way related to the investigation, pretrial preparation, trial, or any post-trial, appellate, or post-conviction proceedings, or subsequent investigation or retrial, related to the Events at Issue. Please identify all locations that are responsive in advance of scheduling the inspection.

**Objection. The request fails to identify or define "evidence . . . in any way [sic] related to the investigation," so the request is vague, ambiguous, overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Moreover, the "Events at Issue" concern a trial, which means the Party Cuyahoga County—which employs the prosecutors—should be the first source of this information. Moreover, the request impermissibly blends an inspection and copying of documents and inspection of premises. As courts have explained, "Nothing in Rule 45 authorizes an on-site inspection of documents . . . ." *Doe v. Trinity Logistics, Inc.*, No. 17-CV-053-RGA, 2019 WL 5696067, at \*2 (D. Del. Nov. 4, 2019). Moreover, the actual premises at issue is irrelevant to this dispute; and providing access to Plaintiffs and their counsel to a secure facility with guns, seized contraband, physical evidence in pending criminal cases, and other sensitive information, is unduly burdensome and not likely to lead to the discovery of admissible information.**



**City of Cleveland**
Justin M. Bibb, Mayor

Very truly yours,

*s/ Matthew R. Aumann*

Matthew R. Aumann
Assistant Director of Law

cc:     Trial Counsel Boop
        CADL Menzalora
        ADL Ford

Enclosures:     CLE000001 – CLE001306 (dropbox link included with transmission)

15



City of Cleveland
Justin M. Bibb, Mayor

## CERTIFICATE OF SERVICE

I hereby certify that the above letter was served by email on May 1, 2024 at the following email address: Elizabth@FGG.com.

_s/ Matthew R. Aumann_ _____
Matthew Aumann (0093612)

16