UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SUTTON, *et al.*, | ) CASE NO. 1:23-cv-01878 |
| Plaintiffs, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| DANIEL LENTZ, *et al.*, | ) ORDER |
| Defendants. | ) |

On August 22, 2025, Plaintiffs Michael Sutton and Kenny Phillips served a subpoena on the City of Cleveland, a non-party. (R. 84-2, PageID# 1008–16). The City has filed an emergency or expedited motion to quash the subpoena pursuant to Rule 45(d)(3)(A)(i), (iv) of the Federal Rules of Civil Procedure. (R. 84; R. 84-1). Plaintiffs have opposed that motion, (R. 85), and the City has filed a reply in further support, (R. 86 ). For the reasons that follow, the Court grants the City's motion.

## I. Background

In September 2023, Plaintiffs filed this action alleging that they were wrongfully imprisoned for crimes they did not commit related to a drive-by shooting. (R. 1). Since then, the parties have engaged in extensive discovery, and the initial Case Management Order has been extended multiple times. Most recently, in June 2025, at the parties' request, (R. 75), the Court extended the fact discovery deadline to August 29, 2025, and the expert discovery deadline to February 27, 2026, (R. 78, PageID# 983).

On August 22, 2025, Plaintiffs served the aforementioned subpoena on the City. (R. 84-2, PageID# 1008–16). The subpoena gave notice that the City would be deposed pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure "on August 29, 2025[,] or another date agreed upon by counsel." (*Id.* at PageID# 1008). The subpoena listed over 100 topics about which Plaintiffs intended to examine the City during the deposition and requested that the City provide "[a]ny and all documents related to [those] topics." (*Id.* at PageID# 1009–15).

The City initially responded that same day, by waiving formal service and inquiring about scheduling a time "to meet and confer over topics, per Rule 30(b)(6)." (R. 85-3, PageID# 1053). However, on the next business day, August 25, different counsel for the City emailed Plaintiffs' counsel asserting that the deposition date was "less than a full week away," which was "unreasonable." (R. 84-4, PageID# 1034). Counsel for the City requested that Plaintiffs' counsel confirm "by 10:30 a.m." on August 26 "that the Notice is permanently withdrawn." *Id.* Plaintiffs' counsel responded noting that the subpoena allowed for "another date agreed upon by counsel" and explaining that Plaintiffs would "work with everybody on a date and time." (*Id.* at PageID# 1033–34). Counsel for the City replied explaining that "fact discovery closes on August 29," so "any alternate date for a deposition would need to be sooner than the one already noticed for that day." (*Id.* at PageID# 1033). Counsel further requested that Plaintiffs' counsel "advise before 10:30 a.m." on August 26 if Plaintiffs decided to withdraw the subpoena. *Id.*

On August 26, the City filed the instant emergency or expedited motion to quash Plaintiffs' subpoena. (R. 84; R. 84-1). The City requested that the Court set an expedited briefing schedule related to its motion because "the noticed deposition and production [were] just three days away." (R. 84, PageID# 995). The Court granted that request. In its motion, the City argues that the Court must quash Plaintiffs' subpoena because it did not provide reasonable time to comply as required under Rule 45(d)(3)(A)(i), among other reasons. (R. 84-1, PageID# 1001–02). Specifically, the City argues that one week is not reasonable time to comply and that "this unreasonableness is

2

compounded by the taxing nature of a combined document production and corporate designee deposition" related to "over 100 topics and subtopics." *Id.*

Plaintiffs oppose the City's motion. (R. 85). They argue that the Court should deny the motion because it is procedurally improper under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Local Rule 37.1, and the Court's Case Management Order, (R. 17), because the non-party City did not adequately meet and confer with Plaintiffs before filing its motion. (R. 85, PageID# 1039–40). They further argue that the City has not demonstrated that the subpoena provided unreasonable time for compliance. (*Id.* at PageID# 1041–42). They note that what qualifies as a reasonable time depends on the circumstances of the case. *Id.* They contend that the subpoena allowed reasonable time to comply indicating, although a non-party to this action, the City has been involved in this lawsuit to a sufficient degree to be prepared to address the subpoena's topics, and suggesting that although they served the subpoena on the eve of factual discovery closing, expert discovery proceeds thereafter and so discovery does not completely end for months. *Id.* (citing *In re Ohio Execution Protocol Litig.*, No. 2:11cv1016, 2019 WL 3946226, at *3–4 (S.D. Ohio Aug. 21, 2019); *Kacmarik v. Mitchell*, No. 1:15cv2062, 2017 WL 131582, at *5–6 (N.D. Ohio Jan. 13, 2017)).

## II. Analysis

Rule 45 governs motions to quash subpoenas. *Friedberg v. Madison Realty Invs., Inc.*, No. 1:16mc3, 2016 WL 1562948, at *1 (S.D. Ohio Apr. 18, 2016). Under Rule 45(d), on a timely motion, a court must quash or modify a subpoena that, among other things, "fails to allow reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Thus, subpoenas issued pursuant to Rule 45 are "considered to be discovery device[s] in the Sixth Circuit[] and[,] accordingly, must adhere to the deadlines of a court's scheduling order." *Allstate Ins. Co. v. Papanek*, 309 F. Supp.

3

3d 511, 514 (S.D. Ohio 2018) (quoting *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10cv83, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011)).

Here, Plaintiffs served the notice and subpoena on the City one week before the fact discovery deadline. (R. 84-2, PageID# 1008–16). The subpoena sought the City's deposition testimony and information on over one hundred topics and subtopics largely related to events, procedures, practices, policies, customs, and training from 2006 to 2008. *Id.* Plaintiffs argue that because the City "has been intimately involved with this case," it "has no shortage of notice []or ability to prepare a witness." (R. 85, PageID# 1041–42). In making this argument, Plaintiffs rely on *In re Ohio Execution Protocol Litigation*. *Id.* In that case, the court declined to quash a subpoena as untimely under Rule 45. *In re Ohio Execution Protocol Litig.*, 2019 WL 3946226, at *1–4. But context matters. There, the court did not find the timeframe unreasonable in part because the parties had been actively negotiating an agreed-to deposition schedule including the broad deposition topics during the weeks before the scheduled deposition and the subpoena merely specified related subtopics. *Id.* By contrast, here, there is no indication that Plaintiffs and the City had been actively negotiating, for example, a deposition schedule or topics prior to Plaintiffs' serving the notice and subpoena. There is no indication the City had substantially more than a one-week notice that Plaintiffs intended to subpoena it for documents and testimony addressing a multitude of issues, focusing on information nearly two-decades past. (*See generally* R. 84-1; R. 84-2; R. 84-4; R. 85; R. 85-3; R. 85-4). Rather, the record indicates that the City is a non-party and that before August 22, the City was unaware of any planned deposition or deposition topics. (*See generally* R. 84-1; R. 84-2; R. 84-4; R. 85; R. 85-3; R. 85-4). Thus, given the extensive number of issues on which Plaintiffs seek information dating back to 2006 to 2008, (R. 84-2, PageID# 1008–16), it is unreasonable, in this context, to require the City to comply with the subpoena on one-week's

4

notice—August 22 to August 29, 2025, which pursuant to the parties' previously approved motion is the fact discovery deadline. (R. 84-2, PageID# 1016; R. 78, PageID# 983).

Although Plaintiffs have indicated that they are open to conducting the deposition after the fact discovery deadline, (*id.* at PageID# 1008; *see also* R. 84-4, PageID# 1033–34; R. 85, PageID# 1041–42), "[c]ourts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of" the fact discovery deadline. *Allstate Ins. Co.*, 309 F. Supp. 3d at 514; *see ARC Res. Mgmt., Inc. v. Civ., LLC*, Civ. No. 20-27, 2024 WL 4445693, at *2–3 (E.D. Ky. Oct. 8, 2024) (quashing a subpoena served one day before the fact discovery deadline but thirty-five days before discovery closed completely because if the Court did not quash the subpoena, "it would [have] result[ed] in production after the expiration of the [fact discovery] deadline"). Therefore, because the City cannot reasonably be expected comply with the subpoena before the fact discovery deadline, which could only result "in production after the expiration of the deadline," Plaintiffs have provided insufficient notice and unreasonable time to comply. *ARC Res. Mgmt., Inc.*, 2024 WL 4445693, at *2–3. Accordingly, the Court will quash the subpoena and the requirement that the City produce a designee and documents on or about August 29, 2025, because it is unreasonable and unduly burdensome.

Due to the expedited nature of this matter, the Court declines to further address the City's additional arguments against the subpoena and Plaintiffs' contention that the City failed to comply with its meet-and-confer obligations under Fed. R. Civ. P. 30(b)(6) and L.R. 37.1 before moving to quash the subpoena. Upon review of the parties' expedited briefing, however, the City's argument against the latter issue is more persuasive, *see* R. 86, PageID# 1066-67, although the parties are encouraged to continue to seek a mutually agreeable path forward.

5

### III. Conclusion

For the foregoing reasons, the City's motion to quash, (R. 84), is GRANTED and the City is not required to produce a designee and documents on or about August 29, 2025.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: August 28, 2025