

129540698

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-06-481840-D

Judge: JOHN P O'DONNELL

MICHAEL SUTTON
    Defendant

INDICT: 2903.02 ATTEMPTED, ATTEMPTED, MURDER
         2903.02 ATTEMPTED, ATTEMPTED, MURDER
         2903.02 ATTEMPTED, ATTEMPTED, MURDER
         ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANTS KENNY PHILLIPS AND MICHAEL SUTTON WERE FOUND GUILTY OF MOST OF THE COUNTS IN THE INDICTMENT AGAINST THEM, BUT SUCCESSFULLY MOVED FOR A NEW TRIAL ON THE GROUNDS THAT THE STATE OF OHIO HAD SUPPRESSED EVIDENCE FAVORABLE TO THEM.

DURING THE FIRST TRIAL, EACH DEFENDANT TESTIFIED ON HIS OWN BEHALF. THE RETRIAL IS SCHEDULED TO BEGIN ON SEPTEMBER 19, 2022, AND ON AUGUST 11, 2022, EACH DEFENDANT MOVED TO PRECLUDE THE STATE OF OHIO FROM ADMITTING INTO EVIDENCE AT THE RETRIAL ANY PORTION OF THE TESTIMONY GIVEN AT THE FIRST TRIAL. AS GROUNDS FOR THE MOTION, THE DEFENDANTS ASSERT:

[THE SUPPRESSED] EVIDENCE NOT ONLY EXONERATED PHILLIPS AND SUTTON, BUT ALSO IMPEACHED THE STATE'S ONLY TWO ALLEGED EYEWITNESSES WHO TESTIFIED AT THE 2007 TRIAL. IF THE STATE HAD DISCLOSED THIS EVIDENCE TO DEFENDANTS, THEN THEY WOULD NOT HAVE TESTIFIED AT THE FIRST TRIAL. THEREFORE, PHILLIPS'S AND SUTTON'S PRIOR TRIAL TESTIMONY IS FRUIT OF THE POISONOUS TREE AND CANNOT BE USED IN THE SECOND TRIAL. THE COURT SHOULD NOT ALLOW THE STATE TO BENEFIT FROM ITS OWN MISCONDUCT. MOTION, PAGE 3-4.

THE STATE OF OHIO HAS OPPOSED THE MOTION ON THE BASIS THAT THE DEFENDANTS WOULD HAVE TESTIFIED AT THE FIRST TRIAL EVEN IF THE FAVORABLE EVIDENCE HAD BEEN DISCLOSED.

AS A GENERAL RULE, A DEFENDANT'S TESTIMONY AT A FORMER TRIAL IS ADMISSIBLE IN EVIDENCE AGAINST HIM IN LATER PROCEEDINGS. HARRISON V. UNITED STATES, 392 U.S. 219, 222. IN THIS CASE, THOUGH, THE DEFENDANTS TESTIFIED UNAWARE THAT THERE WERE TWO POTENTIAL WITNESSES - POLICE OFFICERS EMPLOYED BY THE GOVERNMENT - WHOSE TESTIMONY WOULD SERVE TO EXCULPATE THEM. HAD THESE WITNESSES BEEN KNOWN TO THE DEFENDANTS, THEY MAY HAVE DECIDED TO ASSERT THEIR RIGHT UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION TO NOT TESTIFY AT TRIAL. INDEED, BY THEIR MOTION THEY ASSERT THAT THEY WOULD NOT HAVE TAKEN THE WITNESS STAND AT THE FIRST TRIAL IF THE FAVORABLE POLICE WITNESSES HAD BEEN DISCLOSED TO THEM.

WHERE A SUBSEQUENT TRIAL IS ORDERED AFTER A PROSECUTOR SUPPRESSED FAVORABLE EVIDENCE AT THE FIRST TRIAL, AND THE DEFENDANT TESTIFIED AT THE FIRST TRIAL, THE UNITED STATES SUPREME COURT HAS HELD THAT IN ORDER TO USE THE DEFENDANT'S TESTIMONY AS EVIDENCE IN THE RETRIAL "THE GOVERNMENT MUST SHOW THAT ITS ILLEGAL ACTION DID NOT INDUCE HIS TESTIMONY." ID., 225. THE PROSECUTOR HAS NOT MET THAT BURDEN HERE.

MANY CONSIDERATIONS ENTER INTO A CRIMINAL DEFENDANT'S DECISION WHETHER TO TESTIFY AT TRIAL. BUT, GENERALLY SPEAKING, THAT DECISION IS ULTIMATELY BASED ON A FUNDAMENTAL CONSIDERATION: HOW STRONG OR WEAK IS THE GOVERNMENT'S EVIDENCE. IN THIS CASE, IF THE DEFENDANTS HAD TWO

MISC
09/16/2022

RECEIVED FOR FILING
09/16/2022 14:20:49
NAILAH K. BYRD, CLERK



EXHIBIT
**A**

Page 1 of 2



129540698

POLICE WITNESSES TESTIFY THAT TWO OTHER POLICE OFFICERS - WHO SERVED AS THE STATE OF OHIO'S PRIMARY WITNESSES - COULD NOT HAVE WITNESSED THE SHOOTING AS THEY CLAIMED, AND CONTRADICTING THE TESTIMONY OF THOSE SAME WITNESSES THAT SHOTS WERE FIRED IN A FOOT PURSUIT, THEIR ESTIMATE OF THE STRENGTH OF THE STATE OF OHIO'S CASE WOULD UNQUESTIONABLY HAVE CHANGED FOR THE BETTER, FROM THEIR PERSPECTIVE.  WITH THAT CALCULATION PRODUCING A DIFFERENT CONCLUSION, THE DECISION TO TESTIFY MAY HAVE BEEN DIFFERENT AND THE STATE OF OHIO HAS FAILED TO SHOW THAT IT WOULD HAVE STAYED THE SAME.

THE MOTION IS THEREFORE GRANTED.


09/16/2022
CPJPO 09/16/2022 14:12:03

_____

Judge Signature                          09/16/2022


MISC
09/16/2022

RECEIVED FOR FILING
09/16/2022 14:20:49
NAILAH K. BYRD, CLERK

Page 2 of 2

**Motion No.** <u>5035861</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION IN LIMINE**
**September 16, 2022 10:42**

By: MICHAEL TIMMS 0095867

Confirmation Nbr. 2653847

THE STATE OF OHIO

vs.

MICHAEL SUTTON

CR 06 481840-D

**Judge:** JOHN P. O'DONNELL

**Pages Filed:** 5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CRIMINAL DIVISION

| | |
|---|---|
| STATE OF OHIO | Case No. 481840-06-CR |
| Plaintiff, | JUDGE John  P.  O'Donnell |
| v. | **STATE'S MOTION IN LIMINE TO LIMIT THE ADMISSIBILITY OF IRRELEVANT AND PREJUDICIAL EVIDENCE** |
| Michael A. Sutton & Kenny Phillips | |
| Defendants. | |

Now comes the Prosecuting Attorney Michael C. O'Malley on behalf of the State of Ohio, by and through his undersigned assistants, and respectfully requests that this Honorable Court exclude evidence that Defendant seeks to admit which is irrelevant, prejudicial, and inadmissible under Ohio Evid. R 402, Evid.R 403, and Ohio Evid. R. 608(B).

Sgt. Michael Keane was disciplined for failure to provide service for failing to notify Children and Family Services of possible child abuse while responding to a domestic violence call among adults.  However, the evidence Defendant seeks admit against Sgt. Keane is irrelevant under Evid. R 402, prejudicial under Evid.R 403(A), and inadmissible under Evid. R. 608(B).

Evid. R 402 provides that "[e]vidence which is not relevant is not admissible." Defendant is attempting to impeach Sgt. Keane by introducing the above infraction.  However, the evidence Defendant seeks to introduce against Sgt. Keane is irrelevant under Evid. R 402. Failing to notify Children and Family Services is not an infraction that calls into question his integrity. This is not a violation of being untruthful, the point of impeachment. As a result, the evidence Defendant seeks to introduce against Sgt. Keane is irrelevant and should be excluded under Evid.R 402(A). *State v. House*, 8th Dist. Cuyahoga App. No. 78239, 2001 Ohio App. Lexis

4650, *7 (Oct. 18, 2001) (court affirmed trial court's granting of the state's motion in limine to exclude evidence that officers used excessive force during the arrest of the Defendant since the force that was used allegedly used by the officers occurred after the arrest of the Defendant and therefore was not relevant); *State v. Harrison*, 8th Dist. Cuyahoga App. No. 69821, 1996 Ohio App. Lexis No. 3557 (August 22, 1996) (court affirmed trial court's denial of defendant's request to impeach investigating officer with unrelated official reprimand from investigating officer's personnel file since the reprimand was not relevant to the case and would lead to a distracting inquiry into entirely unrelated matters in the administration of the police department where investigating officer was employed); *State v. Eisermann*, 8th Dist. Cuyahoga App. No. 100967, 2015-Ohio-591, ¶ 76-77 (court affirmed trial court's refusal to allow evidence that investigating law enforcement officer witness was fired by former employer for lying on an affidavit because it had no bearing on whether defendant was guilty of the charges in Defendant's criminal case). Consequently, the evidence Defendant seeks admit against Sgt. Keane is irrelevant under Evid. R 402 and should be excluded.

Moreover, the evidence Defendant seeks to introduce against Sgt. Keane is also prejudicial and would create confusion under Evid. R 403(A). Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Sgt. Keane's failure to notify Children and Family Services is not a violation of being untruthful. It also would unfairly prejudice the State and confuse the issues because not reporting potential child abuse in 2021 has no relation to his direct observations of the incident in this case on May 29, 2006.

As a result, the evidence Defendant seeks to introduce against Sgt. Keane should be excluded under Evid.R 403(A) because it is prejudicial and would be confusing to the jury. *State v. Curlee-Jones,* 8th Dist. Cuyahoga App. No. 98233, 2013-Ohio-1175, ¶ 20 (court held that the trial court could rationally find that allowing cross-examination of officers concerning prior allegations of excessive force would have caused the jury unnecessary confusion over legal issues because it would put the officers on trial); *Eisermann* at ¶ 76-77 (court affirmed trial court's refusal to allow evidence that investigating law enforcement officer witness was fired by former employer for lying on an affidavit because allowing cross-examination on that issue would have caused the jury unnecessary confusion over the legal issues and would effectively be putting the investigating officer witness on trial); *House* at *7 (court affirmed trial court's granting of the state's motion in limine to exclude evidence that officers used excessive force during the arrest of the Defendant since the alleged excessive force that was used allegedly used by the officers occurred after the arrest of the Defendant and was therefore prejudicial).

Furthermore, even if this court determines the Defendant can introduce evidence of Sgt. Keane's infraction in 2021, Defendant is prohibited from admitting extrinsic evidence concerning the infraction under Evid.R 608(B). Evid.R. 608(B) provides in part that:

> **(B) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Consequently, if this court does determine that Defendant can introduce evidence of Sgt. Keane's infraction, Defendant is prohibited under Evid.R. 608(B) from attempting to introduce

Sgt. Keane's infraction by extrinsic evidence. *Eisermann* at ¶ 79 (evidence that investigating law enforcement officer witness was fired by former employer for lying on an affidavit cannot be admitted by extrinsic evidence).

For the reasons stated above this Honorable Court should preclude the Defendant from cross-examination Sgt. Keane concerning his 2021 infraction. However, if this Honorable Court determines the Defendant <u>can</u> cross-examination Sgt. Keane concerning his 2021 infraction, the State of Ohio respectfully requests that court prohibit Defendant from admitting extrinsic evidence concerning Sgt. Keane's 2021 infraction under Evid.R 608(B).

Respectfully submitted,

MICHAEL C. O'MALLEY (#0059592)
Cuyahoga County Prosecutor

Gregory M. Paul (#0082021)
Michael Timms (#0095867)
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street – 9th Floor
Cleveland, Ohio 44113
(216) 443- 7800
gpaul@prosecutor.cuyahogacounty.us
mtimms@prosecutor.cuyahogacounty.us

## CERTIFICATE OF SERVICE

A copy of the foregoing State's Motion in Limine was sent via email this 16 day of

September, 2022 to:

Diane Menashe and Alexander Valdes

Ice Miller LLP

Diane.menashe@icemiller.com

Alex.Valdes@icemiller.com

Joanna Sanchez and Rachel Troutman

Ohio Public Defender

Joanna.sanchez@opd.ohio.gov

Rachel.troutman@opd.ohio.gov

Counsels for Kenny Phillips

Justin Herdman, James Wooley, and April Johnson

Jones Day

jherdman@jonesday.com

jrwooley@jonesday.com

amjohnson@jonesday.com

Donald Caster

Ohio Innocence Project

Donald.caster@uc.edu

Counsels for Michael Sutton

Gregory M. Paul (#0082021)
Michael Timms (#0095867)
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street – 9th Floor
Cleveland, Ohio 44113
(216) 443- 7800
gpaul@prosecutor.cuyahogacounty.us
mtimms@prosecutor.cuyahogacounty.us